FILED
CLERK, U.S. DISTRICT COURT

Apr 20, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_PMC\_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINIX, INC., a corporation of the Republic of Korea, and WINIX AMERICA INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>DUST-TRAP DISTRIBUTIONS, LLC, a New York limited liability company, d/b/a VACUUM SAVINGS, and ERIC HULLI, an individual,<br><br>Defendants. | Case No. 2:15-cv-08430-SVW (MRWx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DUST-TRAP DISTRIBUTIONS, LLC D/B/A VACUUM SAVINGS, AND ERIC HULLI**<br><br>JS-6 |

Plaintiffs Winix, Inc. and Winix America Inc. (collectively, "Winix"), and Defendants Dust-Trap Distributions, LLC, d/b/a Vacuum Savings, and Eric Hulli (collectively, "Defendants"), have entered into a confidential settlement agreement to resolve this matter. As part of this agreement, Winix and Defendants agree to the entry of this Consent Judgment and Permanent Injunction against Defendants.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1125. This Court has jurisdiction over these claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2).

3. Winix, Inc. is a corporation of the Republic of Korea, having its principal place of business at 3rd Flr Winix Building 35-1, Unjung-Dong Bundang-Gu, Shiheung-City, Kyunggi, REPUBLIC OF KOREA.

4. Winix America Inc. is an Illinois corporation having its principal place of business at 120 Prairie Lake Road #E, East Dundee, Illinois.

5. Dust-Trap is a New York limited liability with its principal place of business in New York, New York and does business as Vacuum Savings and Life Supply USA.

6. Eric Hulli is an individual and is the sole principal of Dust-Trap and is its Manager and President.

7. For over 40 years, Winix has been a manufacturer of healthy home appliances, including air purifiers, humidifiers, dehumidifiers, and filters.

8. Winix is currently one of the world's leading producers of premium performance air cleaners.

9. At least some of Winix's air filtration products are certified to perform at a certain level by the Association of Home Appliance Manufacturers ("AHAM"). Certain of Winix's products are required to have a Dust Clean Air Delivery Rate ("CADR") of at least 197 to meet AHAM AC-1-2006 standards for that unit type. Those products, when used with a genuine Winix filter, meet or exceed this standard.

10. Dust-Trap sells imitation replacement filters for Winix products under the trade names Vaccum Savings and Life Supply USA. In particular, Dust-Trap sells an imitation replacement filter as a substitute for the Winix 115115 filter. A genuine Winix 115115 filter is compatible with a number of Winix products.

11. Dust-Trap has marketed these imitation replacement filters as being "high quality replacement HEPA air purifier filter[s] designed to replace the Winix [filters]."

Dust-Trap also advertised that these imitation replacement filters will "save [the consumer] money while providing the same quality and fit" as a genuine Winix filter.

12. Tests of Dust-Trap's imitation replacement filters revealed that their CADR was substantially lower than when a genuine Winix filter was used resulting in a CADR value of only 73% of what AHAM requires. The testing also revealed that the imitation replacement filters resulted in a lower air flow and a significantly higher pressure drop.

13. Judgment shall be entered in favor of Winix and against Defendants on the Complaint in the amount of $135,000, which reflects a reimbursement of Winix's attorney's fees and a disgorgement of Dust-Trap's profits for making false or misleading statements regarding Dust-Trap's imitation replacement filters.

14. Defendants and Defendants' officers, directors, employees, representatives, agents, successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all other persons, firms or entities acting in concert or participating with them shall, for one year from the date of this Consent Judgment, make the following disclaimer in all of their advertising and marketing of the imitation replacement filters sold by Defendants as a substitute for the Winix 115115 filter:

> **This is not a genuine Winix product. This is an aftermarket product designed and engineered in the United States by Vacuum Savings. This product does not meet the AHAM verified CADR (Clean Air Delivery Rate) of a genuine Winix filter. Use of this product will reduce the stated performance in your Winix Air Cleaner.**

The last two sentences of this disclaimer shall be prominently and conspicuously placed in all of Defendants' advertising and marketing of the imitation replacement filters sold by Defendants as a substitute for the Winix 115115 filter. For example, in the current Amazon ad of Defendants' products, the last two sentences of the disclaimer must be placed in the bullet point headings to the right of the picture of the product. The entire disclaimer shall be prominently and conspicuously placed in the product description

3

section in all of Defendants' advertising and marketing of filters sold by Defendants as a substitute for the Winix 115115 filter.

15. Defendants and Defendants' officers, directors, employees, representatives, agents, successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all other persons, firms or entities acting in concert or participating with them, are hereby permanently enjoined from:

    a. Using in any manner a picture of a genuine Winix replacement filter in any advertising or marketing of Dust-Trap's imitation replacement filters;

    b. Stating in any advertising or marketing of Dust-Trap's imitation replacement filters that they are "compatible with" Winix air cleaners, although Dust-Trap can state that its imitation replacement filters are "designed to fit" Winix air cleaners; and

    c. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 15(a) through 15(b) above.

16. The parties waive notice of entry of this Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity and consent to its immediate entry in accordance with its terms. This Court expressly retains jurisdiction over this matter to enforce, implement or construe this Consent Judgment and Permanent Injunction.

SO ORDERED.

DATED: April 20, 2016

_____
United States District Judge
STEPHEN V. WILSON

| | | |
|---|---|---|
| DATED: April 11, 2016 | | Tucker Ellis LLP |
| | By: | /s/Howard A. Kroll |
| | | Howard A. Kroll |
| | | Steven E. Lauridsen |
| | | Attorneys for Plaintiffs WINIX, INC. and WINIX AMERICA INC. |
| DATED: April 11, 2016 | | Law Office of Gerard F. Dunne, PC |
| | By: | /s/Joseph A. Dunne |
| | | Joseph A. Dunne |
| | | Attorneys for Defendants DUST-TRAP DISTRIBUTIONS, LLC, d/b/a VACUUM SAVINGS, and ERIC HULLI |

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1150598.1